**SO ORDERED.**

**SIGNED this 23 day of February, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

ROBERT D. DOUGAN and
DIANE L. DOUGAN,

    DEBTORS.                              CASE NO. 07-03524-8-JRL
                                                  CHAPTER 13
_____

### ORDER

This matter is before the court on the debtors' motion for confirmation of a Chapter 13 plan. The court conducted a hearing on this matter on February 18, 2009 in Wilmington, North Carolina.

### BACKGROUND

The debtors filed for relief under Chapter 13 of the Bankruptcy Code on September 24, 2007. Cheryl Hutchens was a judgment creditor pursuant to an order entered by the North Carolina Superior Court of Stokes County, on November 4, 2003. The judgment has since been assigned to Chicago Title Insurance Company and Lawyers Title Insurance Company jointly.

On July 25, 2007, the Superior Court of Stokes County, entered an order finding the debtors waived their right to designate exemptions. The debtors, having received notice, failed to file motions to designate exemptions or request a hearing within twenty days. Such inaction is deemed

a waiver pursuant to N.C.G.S. § 1C-1603(e)(2). On the same day, a writ of execution was issued. When executions are issued, they shall be returnable to the issuing court within 90 days. N.C.G.S. § 1-310. The debtors' bankruptcy petition was filed in the middle of the 90 day period. Chicago Title and Lawyers Title object to confirmation based on the plan's inclusion of a residential exemption.

## DISCUSSION

Household Finance Co. v. Ellis, the instructive case under North Carolina law, rejected the idea of a permanent waiver. 107 N.C. App. 262, 419 S.E.2d 592 (1992). The court in Ellis reasoned that requiring a debtor to waive his rights forever "contradicts the spirit of the entire statutory section on exemptions. . . ." Id. at 595. Noting Ellis, this court, in In re Pinner, found that a waiver of rights to claim exemptions in state court did not preclude debtors from claiming property as exempt in bankruptcy proceedings. 146 B.R. 659, 661 (Bankr. E.D.N.C. 1992). In Pinner, two state court orders had found the debtors waived their right to exemptions. There was no indication, however, that the creditor made an attempt to execute on the Pinner property. This court held that the previously waived exemptions had no effect. Id. We also recognized that the North Carolina Supreme Court has taken a flexible approach to exemptions, allowing debtors to take full advantage of their rights. Id. at 660.

Chicago Title and Lawyers Title argue that here the issued writ, having not expired before the debtors' petition, distinguishes the present case from Pinner. Relying on 11 U.S.C. §108(c), the creditors assert that the writ is frozen in time. 11 U.S.C. §108(c) states:

> [I]f applicable nonbankruptcy law. . .fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor. . .and such period has not expired before the date of the filing of the petition, then such period does not

2

> expire until the later of - (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay....

Chicago Title and Lawyers Title assert that they are entitled to payment based on disallowance of the residential exemption considering the admitted waiver and unexpired writ. This court disagrees.

A more recent case, In re Skinner, heard by Judge Stocks in the Middle District of North Carolina dealt with this precise scenario. Skinner, No. 01-11020C-7G, 2001 WL 1699660 (Bankr. M.D.N.C., 2001). The facts of Skinner are identical to the present case. In Skinner, a previous state court judgment found the debtor's right to exemption waived. Id. at *1. A writ of execution was issued against the debtor, and the debtor filed his petition while the writ was still outstanding. Id. The court found that upon the filed petition, the execution was no longer enforceable and effectively terminated. Id. at *3. This conclusion was reached through the intersection of two Bankruptcy Code provisions: specifically, § 544 which vests the ownership of property in the bankruptcy estate, and § 362. Discussing the latter section, the court stated that: "Under §362(a)(2) and (6) the sheriff was immediately enjoined from acting to enforce the execution against the Debtor or any property of the bankruptcy estate, including the property described in Debtor's claim for exemptions in this case." Id. This court agrees, finding that in bankruptcy proceedings exemptions begin anew.

Based on the foregoing, the objection to confirmation is OVERRULED. The trustee's motion for confirmation of the Chapter 13 plan is ALLOWED.

END OF DOCUMENT